PARISH, ADMINISTRATOR, v. RHODES, ET AL.

Resulting trust—advancement—sale of equity to pay debts.

Where one pays the purchase of land and the title is taken to another, there results a trust in the land to him who pays the money.

An exception from this, as a general rule, obtains, where a parent pays the purchase, and the conveyance is to the child; in such case, it is held an advancement of the child, unless it appear that the parent did not so intend.

The interest of the cestui que trust, may be reached by his heirs or creditors.

IN Chancery. The complainant's intestate, in his life time, purchased a tract of land and paid for it, and afterwards took a conveyance to his wife. He then contracted debts, and died without sufficient assets to pay them. The other assets being exhausted, this bill is filed against the widow and heirs to sell the land conveyed to the wife, which is still held by her, to pay the debts of the intestate. The wife claims to hold the land as an advancement for her children, the issue of the marriage.

*Boalt,* for the defendant, contended, that as there was no indebtedness at the date of the conveyance, the land was not subject to the intestate's debts.

*F. D. Parish,* for the complainants, cited 1 *Atk. R.* 59, 60; 2 *Atk. R.* 150; 3 *John. Ch.* 488; 5 *O. R.* 256.

WRIGHT, J. The principle is, that where one pays the consideration for land, and the title is made to another, there results a trust in the land in favor of him who paid the money by implication of law, because he is deemed the real purchaser; 5 *O. R.* 256; 4 *Kent's Com.* 300. A prima facie exception to this rule is found, where the father pays the consideration, and the conveyance is to the child, which is held an advancement of the child, unless it expressly appear the father did not intend it as such. If that appear, the child holds in trust; 2 *Mad. Ch.* 112; 2 *John. Ch.* 51; 11 *John. R.* 107; 5 *O. R.* 256. The case in hearing seems to us within the general principle, not within the exception. The interest of the intestate in the trust estate, may be reached either by the heirs or creditors.

[Kinney's Administrator *v.* R. and G. Lockwood.]

If the estate be a trust, it makes no difference that the debts were not contracted till after the trust was created. The interest of the cestui que trust continued till his death. We hold this land subject to the debts, and decree accordingly, if the money is not paid, that the case go to a master to sell.